UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TIMELESS COMMUNICATIONS CORP., | ) ) ) | Case No.: 2:11-cv-01021-GMN-RJJ |
| Plaintiff, | ) | |
| vs. | ) ) | **ORDER** |
| WILLIAM EVANS, | ) ) | |
| Defendant. | ) ) | |

This lawsuit was commenced on May 19, 2011 in the Eighth Judicial District Court of Clark County, Nevada. Plaintiff pleaded no federal causes of action; instead, the Complaint contains eight state law causes of action: (1) Breach of Contract; (2) Breach of Covenant of Good Faith and Fair Dealing; (3) Intentional Interference with Contractual Relations; (4) Violations of Nev. Rev. Stat. 205.477; (5) Defamation; (6) Fraud; (7) Conversion; and (8) Conspiracy. Nevertheless, Defendant removed this lawsuit on June 21, 2011, alleging that this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338. Defendant does not assert that the Court has diversity jurisdiction over this action. The Court finds that federal question jurisdiction does not exist in this case; therefore, the lawsuit will be remanded to state court pursuant to 28 U.S.C. § 1447(c).

**I.     SUBJECT MATTER JURISDICTION**

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks,* 530 F.3d 799, 810 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen,* 511 U.S. at 377. A court may raise the question of subject matter jurisdiction *sua*

*sponte* at any time during an action. *United States v. Moreno-Morillo,* 334 F.3d 819, 830 (9th Cir. 2003). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006) (citing 16 J. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)).

A district court's jurisdiction also extends to cases removed from state court under particular circumstances. 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). In cases removed from state court, a federal court that finds a lack of subject matter jurisdiction does not dismiss, but must remand to state court. 28 U.S.C. § 1447(c). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1244 (9th Cir. 2009). A decision to remand a case removed on any basis other than civil rights removal jurisdiction under 28 U.S.C. § 1443 "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

The presence or absence of federal-question jurisdiction is generally governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). This rule makes the plaintiff the master of his complaint and permits him to avoid federal jurisdiction by relying exclusively on state law. *Id.* Thus, federal question jurisdiction is ordinarily determined from the face of the plaintiff's complaint. *Easton v. Crossland Mortg. Corp.,* 114 F.3d 979, 982 (9th Cir. 1997).

The "artful pleading doctrine" provides a narrow corollary to the well-pleaded complaint

rule.  Under this doctrine, a plaintiff may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim. *Lippitt v. Raymond James Financial Services, Inc.,* 340 F.3d 1033, 1041 (9th Cir. 2003).  The artful pleading doctrine permits courts to "delve beyond the face of the state court complaint" and find federal question jurisdiction by recharacterizing a state-law claim as a federal claim. *Id.*  The Ninth Circuit has cautioned, however, that courts should invoke the artful pleading doctrine "only in limited circumstances." *Id.* (quoting *Sullivan v. First Affiliated Securities,* Inc., 813 F.2d 1368, 1373 (9th Cir. 1987)).  Accordingly, application of the artful pleading doctrine is normally limited to two types of cases: (1) those involving complete preemption; and (2) cases in which "a substantial, disputed question of federal law is a necessary element of . . . the well-pleaded state claim," or where the right to relief depends upon resolution of a substantial, disputed federal question. *Lippitt,* 340 F.3d at 1042-43.

## II.   DISCUSSION

Defendant contends that complete preemption exists here because "the Complaint alleges disputes concerning intellectual property and trademark claims arising under the Lanham Act . . . ." (Pet. for Removal 2 ¶ 4, ECF No. 1) (citing page 3 of the Complaint, lines 3-22).  That is not, however, an accurate characterization of the Complaint.  The only mentions of intellectual property in the section of the Complaint cited by Defendant are the allegations "[t]hat EVANS was a key employee tasked with creating and developing intellectual property for TIMELESS including but not limited to: editorial content; software; websites; databases; computer programs; and, other materials by which TIMELESS would expand and further its business" and that Defendant "failed to turn over to TIMELESS intellectual property and software programs created during his employment including but not limited to: Live2Play.com, and SoundProLive.ning.com and the equipment sourcing module Gear Hunter." (Compl. 3 ¶¶ 9 & 10(c).)  Nowhere does Plaintiff explicitly allege a violation of the Lanham Act, nor does

Plaintiff contend that Defendant has actually infringed on its intellectual property. Instead, these allegations appear to be made solely in support of Plaintiff's state law breach of contract and breach of the covenant of good faith and fair dealing claims. Plaintiff simply appears to be alleging that Defendant breached his employment contract with Plaintiff when, upon his termination, he refused to turn over the computer programs on which he had been working.

Because Plaintiff's well-pleaded Complaint does not on its face allege any claims arising under federal law and because removal of a case purportedly arising under the Lanham Act "is improper where a plaintiff does not clearly state he is seeking relief under the Lanham Act," *In re Hot-Hed Inc.*, 477 F.3d 320, 324 (5th Cir. 2007) (internal quotation marks omitted), this lawsuit will be remanded. It does not matter that Defendant has brought Counterclaims (ECF No. 5) arising under the Lanham Act. As the Supreme Court has explained: "[f]or better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10 (1983); *see also MapQuest, Inc. v. CIVIX-DDI, LLC*, No. 08 C 1732, 2009 WL 2747593, at *2 (N.D. Ill. Aug. 24, 2009) (remanding a case involving a Lanham Act counterclaim because "a federal counterclaim cannot support a district court's subject matter jurisdiction."). Plaintiff's Complaint does not establish that it arises under federal law; therefore, remand is necessary.

## CONCLUSION

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Eighth Judicial District Court of Clark County, Nevada. **The Court Clerk is directed to mail a copy of this Order to the clerk of that court.**

DATED this 7th day of July, 2011.   _____
Gloria M. Navarro
United States District Judge